UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| RONALD SHANE STAFFORD | |
| Plaintiff | Civil Action No. 7:08-CV-82-KKC |
| V. | |
| UNITED STATES OF AMERICA and BUREAU OF PRISONS | **MEMORANDUM OPINION AND ORDER** |
| Defendants | |

\*\*\*\*   \*\*\*\*   \*\*\*\*

Ronald Shane Stafford ("Stafford"), an individual confined in the United States Penitentiary in Tucson, Arizona ("U.S.P. - Tucson"), has filed a complaint asserting a claim under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* ("FTCA"). The Court screens *pro se* complaints pursuant to 28 U.S.C. § 1915A. *McGore v. Wrigglesworth*, 114 F.3d 601, 607 08 (6th Cir. 1997). As Stafford is appearing *pro se*, his complaint is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his complaint are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court must dismiss a case at any time if it determines the action (I) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2).

I.   **FACTUAL BACKGROUND**

In his Complaint, Stafford alleges that on or about July 18, 2006, while incarcerated at the United States Penitentiary-Big Sandy located in Inez, Kentucky ("U.S.P.-Big Sandy"), correctional

officers of the federal Bureau of Prisons ("BOP") negligently permitted his locker to be broken into by other inmates and his personal property stolen by leaving it unattended for a two-hour period.

On April 26, 2007, Stafford filed a request for administrative settlement of his claim under the FTCA against the BOP for the lost property. In Claim TRT-MXR-2007-03658, Stafford sought $379.87 in compensation for its value. Although it appears from the letter that Stafford did not become aware that his property was missing until December 12, 2006, this was the same property gathered and inventoried upon his initial entry into the SHU on July 18, 2006. On July 17, 2007, the BOP denied the request. On January 9, 2008, Stafford filed another request for administrative settlement, Claim TRT-MXR-2008-01674, under the FTCA with the BOP, again seeking the value of the property stolen on July 18, 2006. On February 25, 2008, the BOP again denied the request.

Stafford filed the present action on April 21, 2008, seeking recovery under the FTCA of the twice the value of the lost property in compensatory and punitive damages as well his costs for bringing suit.[1]

## II.   DISCUSSION

The FTCA constitutes a limited waiver of the sovereign immunity enjoyed by the United States. The operative jurisdictional provision is set forth in Title 28:

> ... the district courts ... shall have exclusive jurisdiction of civil actions on claims

---

[1] Stafford's Complaint also alleges that the conduct of the BOP officers involved violated various constitutional rights. Because his Complaint includes only a single, cursory reference to possible constitutional claims, the Court does not construe this action as attempting to assert civil rights claims. In any event, such claims would fail as a matter of law, because the negligent loss, as opposed to intentional destruction, of personal property does not state a Due Process claim. *Parratt v. Taylor*, 451 U.S. 527, 543-45 (1981); *Carlton v. Jondreau*, 76 Fed.Appx. 642 (6th Cir. 2003). The loss of personal property, while unfortunate, does not rise to the level of a violation of our federal Constitution.

>against the United States, for money damages ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). This provision operates to permit an action against the United States for negligent or intentional acts committed by its employees during the course of their employment, *Fitch v. United States*, 513 F.2d 1013 (6th Cir. 1975), so long as the administrative procedures outlined in its provisions are satisfied.

While most claims of negligence may be asserted under the FTCA, there are exceptions. Relevant to this case is the exception for "[a]ny claims arising in respect of the assessment or collection of any tax or customs duty, or the detention of any ... property by any officer of customs or excise or any other law enforcement officer." 28 U.S.C. § 2680(c). While the phrase plainly applies to the activities of customs officers, the Supreme Court has recently held that the words "[a]ny claims arising in respect of ... the detention of any ... property by ... any other law enforcement officer" applies to a claim for lost property by a federal inmate. In *Ali v. Federal Bureau of Prisons*, 2008 WL 169359 (U.S., January 22, 2008), the Supreme Court held that this language barred a federal prisoner's FTCA claim arising out of the loss of certain personal property during his transfer from a federal prison in Georgia to U.S.P. - Big Sandy in Kentucky. In doing so, the Supreme Court noted that the word "detention" should be broadly interpreted. *Ali*, 2008 WL 169359 at *3 (*citing Kosak v. United States*, 465 U.S. 848, 854-59 (1984)). The Supreme Court's holding overruled established Sixth Circuit precedent which held that Section 2680 only applied to law enforcement officers performing customs or excise functions. *Ali*, 2008 WL 169359 at *3 n.1 (*citing Kurinsky v.*

*United States*, 33 F.3d 594, 98 (6th Cir. 1994)). Because Stafford's claim is one "in respect of ... the detention of any ... property by ... any other law enforcement officer" under *Ali*, it falls within the scope of Section 2680(c)'s exemption, and is therefore not cognizable under the FTCA. His claim must therefore be dismissed with prejudice.

In addition, it appears that Stafford's claim would also be time-barred. Under the FTCA, a claimant must timely exhaust his administrative remedies by filing a request for administrative settlement within two years of the events complained of and then file suit within six months after the agency denies his request. 28 U.S.C. § 2675; 28 U.S.C. § 2401. Here, Stafford made his request for administrative settlement within two years by filing his request with the BOP on April 26, 2007. [Record No. 4-2 at pg. 8] That request, Claim TRT-MXR-2007-03658, was denied by the BOP on July 17, 2007. Stafford was obligated to file suit within six months of that date, on or before January 17, 2008. Instead, Stafford filed a second request for administrative settlement arising out of the same claim on January 9, 2008. This second request did not toll the running of the statute of limitations for a claim already fully and finally rejected by the BOP for administrative settlement. Accordingly, that claim is time-barred.

In *Ali*, the Supreme Court did note that the absence of a remedy under the FTCA for lost property claims by federal prisoners does not leave them without any avenue of recourse: the BOP has the authority under 31 U.S.C. § 3723(a)(1) to settle "claims[s] for not more than $1,000 for damage to, or loss of, privately owned property that ... is caused by the negligence of an officer or employee of the United States Government acting within the scope of employment." *Ali* at n.7.

### III.   CONCLUSION

The Court being sufficiently advised, it is **ORDERED** as follows:

1.      Plaintiff's Complaint [Record No. 2] is **DISMISSED WITH PREJUDICE.**

2.      The Court certifies that any appeal would not be taken in good faith.  28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Chanced v. Scarman*, 117 F.3d 949 (6th Cir. 1997).

3.      Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Defendants.

Dated this 29th day of April, 2008.

**Signed By:**
*Karen K. Caldwell*   KKC
**United States District Judge**